STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE LEADERSHIP ALLIANCE OF NEVADA, a Nevada non-profit corporation; ROBERT PETERSON, an individual,<br><br>Defendants. | Case No.: 2:10-cv-0637<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Progressive Leadership Alliance of Nevada, a Nevada non-profit corporation ("PLAN"), and Robert Peterson, an individual ("Mr. Peterson"), on information and belief:

**NATURE OF ACTION**

1. This is an action for copyright infringement pursuant to 17 U.S.C. §501.

1

**PARTIES**

2.      Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3.      Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Secretary of State of Nevada.

4.      PLAN is, and has been at all times relevant to this lawsuit, a domestic non-profit corporation with its principal place of business in Nevada.

5.      Mr. Peterson is, and has been at all times relevant to this lawsuit, an individual doing business as Peterson Graphics.

**JURISDICTION**

6.      This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

7.      PLAN's state of origin and current jurisdiction is Nevada.

8.      PLAN's activities in Nevada have resulted in the copyright infringement alleged herein.

9.      Mr. Peterson purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

10.     Mr. Peterson is, and has been at all times relevant to this lawsuit, the owner of the Internet domain www.planevada.org (the "Website").

11.     Mr. Peterson is, and has been at all times relevant to this lawsuit, the registrant, administrative contact, and technical contact for the Website.

12.     Mr. Peterson effectuates the unauthorized publication of Righthaven-owned copyrighted works at the Website.

13.     The unauthorized publication, effectuated by Mr. Peterson, of Righthaven-owned copyrighted works at the Website is purposefully directed at Nevada residents.

14.     Mr. Peterson copied, on an unauthorized basis, the literary work entitled "State of the State Address:  Gibbons to draw bottom line. Speech will suggest how to cut spending

$881.4 million" (the "Infringement"), attached hereto as Exhibit 1, from a source emanating from Nevada.

15. On or about February 18, 2010, Mr. Peterson displayed and continues to display the Infringement on the Website.

16. Mr. Peterson's display of the Infringement was and is purposefully directed at Nevada residents

17. Mr. Peterson copied, on an unauthorized basis, the literary work entitled "Pipeline receives go-ahead," attached hereto as Exhibit 2 (the "Pipeline Article"), from a source emanating from Nevada.

18. On or about August 22, 2009, Mr. Peterson displayed and continues to display the Pipeline Article on the Website.

19. Mr. Peterson's display of the Pipeline Article was and is purposefully directed at Nevada residents.

20. Mr. Peterson copied, on an unauthorized basis, a substantial and significant portion of the literary work entitled "Governor open to reducing mining's tax deductions," attached hereto as Exhibit 3 (the "Tax Deductions Article"), from a source emanating from Nevada.

21. On or about February 17, 2010, Mr. Peterson displayed and continues to display a substantial and significant portion of the Tax Deductions Article on the Website.

22. Mr. Peterson's display of a substantial and significant portion of the Tax Deduction Article was and is purposefully directed at Nevada residents.

23. Mr. Peterson copied, on an unauthorized basis, a substantial and significant portion of the literary work entitled "Group seeks higher tax on mining," attached hereto as Exhibit 4 (the "Group Seeks Article"), from a source emanating from Nevada.

24. On or about January 20, 2010, Mr. Peterson displayed and continues to display a substantial and significant portion of the Group Seeks Article on the Website.

25. Mr. Peterson's display of a substantial and significant portion of the Group Seeks Article was and is purposefully directed at Nevada residents.

26. Mr. Peterson copied, on an unauthorized basis, a substantial and significant portion of the literary work entitled "More tax hikes?" attached hereto as Exhibit 5 (the "Tax Hikes Article"), from a source emanating from Nevada.

27. On or about January 20, 2010, Mr. Peterson displayed and continues to display a substantial and significant portion of the Tax Hikes Article on the Website.

28. Mr. Peterson's display of a substantial and significant portion of the Tax Hikes Article was and is purposefully directed at Nevada residents.

29. Mr. Peterson copied, on an unauthorized basis, a substantial and significant portion of the literary work entitled "Halt sought to mining petition," attached hereto as Exhibit 6 (the "Mining Petition Article"), from a source emanating from Nevada.

30. On or about February 9, 2010, Mr. Peterson displayed and continues to display a substantial and significant portion of the Mining Petition Article on the Website.

31. Mr. Peterson's display of a substantial and significant portion of the Mining Petition Article was and is purposefully directed at Nevada residents.

32. Mr. Peterson's contacts with Nevada are systematic and continuous because Mr. Peterson publishes, on the Website, a variety of content specifically relating to the politics and government of the State of Nevada.

33. Mr. Peterson's contacts with Nevada are systematic and continuous because Mr. Peterson publishes, on the Website, a variety of content specifically relating to the activities of PLAN, an organization engaged in social and political activity specifically related to the State of Nevada.

34. Mr. Peterson's contacts with Nevada are systematic and continuous because Mr. Peterson's commercial activity is substantial enough to approximate a physical presence in Nevada because of the graphic design and technical services provided to Nevada bases business entities such as PLAN.

**VENUE**

35. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(c) and § 1400(a), because PLAN is subject to personal jurisdiction in Nevada and may be found in Nevada.

36. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

**FACTS**

37. Righthaven is the copyright owner of the literary work entitled "State of the State Address: Gibbons to draw bottom line. Speech will suggest how to cut spending $881.4 million" (the "Work"), attached hereto as Exhibit 7.

38. The Work was originally published on February 8, 2010.

39. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

40. On April 12, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007122473 (the "Registration") and attached hereto as Exhibit 8 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

41. Mr. Peterson obtained ownership of the Website for the benefit of PLAN.

42. At all times relevant, PLAN had and has maintained beneficial control of the Website.

43. At all times relevant, Mr. Peterson acted and acts as an agent of PLAN, authorized to provide technical, maintenance and administrative support on the Website.

44. At all times relevant, PLAN directed and directs Mr. Peterson to add to, delete from and arrange content on the Website.

45. No later than February 18, 2010, PLAN reproduced an unauthorized copy of a substantial and significant portion of the Work on the Website.

46. No later than February 18, 2010, PLAN directed Mr. Peterson to reproduce and display the Infringement on the Website.

47. No later than February 18, 2010, Mr. Peterson reproduced and displayed the Infringement on the Website.

48. PLAN did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

49. Mr. Peterson did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

50. PLAN was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

51. Mr. Peterson was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

52. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 51 above.

53. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

54. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

55. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

56. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

57. PLAN reproduced the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

58. Mr. Peterson reproduced the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

59. PLAN created an unauthorized derivative of the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

60. Mr. Peterson created an unauthorized derivative of the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

61. PLAN distributes unauthorized reproductions of the Work via the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

62. Mr. Peterson distributes unauthorized reproductions of the Work via the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

63. PLAN publicly displays an unauthorized reproduction of the Work at the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

64. Mr. Peterson publicly displays an unauthorized reproduction of the Work at the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

65. PLAN has willfully engaged in the copyright infringement of the Work.

66. Mr. Peterson has willfully engaged in the copyright infringement of the Work.

67. PLAN's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

68. Mr. Peterson's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

69. Unless PLAN is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by PLAN of the Work, pursuant to 17 U.S.C. §502.

70. Unless Mr. Peterson is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Mr. Peterson of the Work, pursuant to 17 U.S.C. §502.

## PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain PLAN, PLAN's officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under PLAN, Mr. Peterson, and Mr. Peterson's agents, servants, employees, attorneys, related companies, partners, and all persons acting for, by, with, through, or under Mr. Peterson from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct PLAN and Mr. Peterson to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to PLAN's and/or Mr. Peterson's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom PLAN and/or Mr. Peterson has communicated regarding PLAN's and/or Mr. Peterson's use of the Work; and

   c. All financial evidence and documentation relating to PLAN's and/or Mr. Peterson's use of the Work;

3. Direct GoDaddy.com, Inc. and any successor domain name registrar for the Website domain to lock the Website domain and transfer control of the Website domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

5. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

6.     Grant Righthaven such other relief as this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this fourth day of May, 2010.

                                                            RIGHTHAVEN LLC

                                                            By: /s/ J. Charles Coons
                                                            STEVEN A. GIBSON, ESQ.
                                                            Nevada Bar No. 6656
                                                           J. CHARLES COONS, ESQ.
                                                           Nevada Bar No. 10553
                                                           9960 West Cheyenne Avenue, Suite 210
                                                           Las Vegas, Nevada 89129-7701
                                                           Attorneys for Plaintiff